**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **SHAKHRIZOD MUMINOV,** | ) | |
| | ) | |
| **Petitioner,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-26-2718-D** |
| | ) | |
| **CHRIS GANTT, et al.,** | ) | |
| | ) | |
| **Respondents.** | ) | |

**REPORT AND RECOMMENDATION**

Petitioner Shakhrizod Muminov, a noncitizen[1] and Uzbekistani national proceeding pro se, filed a Petition for Writ of Habeas Corpus ("Petition"), Doc. 1, challenging under 28 U.S.C. § 2241 his detention by U.S. Immigration and Customs Enforcement ("ICE"). United States District Judge Timothy D. DeGiusti referred this matter to the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(b)(1)(B)-(C). The undersigned set an expedited briefing schedule, Doc. 5, and the Petition is at issue. For the reasons below, the undersigned recommends that the Court grant the Petition in part and order Respondents to provide Petitioner a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise to release him if there is no hearing within that time.

## I. Background

Petitioner, a citizen of Uzbekistan, entered the United States at or near Calexico, California on or about December 22, 2022, without inspection or admission. Resp. at 3;

[1] Unless quoting, this Report and Recommendation "uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020) (citing 8 U.S.C. § 1101(a)(3)).

Doc. 7-1 at 2 (Notice to Appear). He was later encountered by immigration officials, taken into ICE custody, and released on his own recognizance. Resp. at 3; Doc. 7-2 at 2 (ICE Encounter Summary). On April 6, 2023, ICE placed Petitioner into removal proceedings before the Immigration Court under 8 U.S.C. § 1229a through a Notice to Appear, and charged him with being inadmissible under 8 U.S.C. § 1182(a)(6)(A)(i) as someone who entered the United States without inspection. Doc. 7-1 at 2. In the Notice to Appear, Petitioner was ordered to appear before an Immigration Judge ("IJ") on April 12, 2023. Resp. at 3; Doc. 7-2 at 3. Petitioner failed to appear as directed and a new Notice to Appear was issued. Resp. at 3; Doc. 7-2 at 3. On or about September 14, 2023, Petitioner filed an Application for Asylum and for Withholding of Removal, which remains pending. Resp. at 3. Respondents also contend Petitioner has received work authorization. *Id.* at 3-4.

On September 14, 2026, Petitioner was encountered by an ICE task force officer during a traffic stop, and he was transported to ICE custody the next day. *Id.* at 4; Doc. 7-2 at 2; Doc. 7-3 at 2 (Warrant for Petitioner's Arrest). Respondents contend Petitioner is detained under 8 U.S.C. § 1225(b)(2)(A) but acknowledge binding Tenth Circuit precedent holds otherwise. Resp. at 1-2. Petitioner did not allege he requested a bond hearing. Such a request, though, would likely be futile because all IJs are subject to the binding precedent of *Matter of Yajure Hurtado*, 29 I & N Dec. 216 (BIA 2025), which holds those noncitizens who entered the country without admission or parole are ineligible for a bond hearing.

When Petitioner filed his Petition, he was detained at Cimarron Correctional Facility in Cushing, Oklahoma. Pet. at 1. He remains detained there. *See* ICE Online Detainee Locator System, *at* https://locator.ice.gov/odls/#/results (last visited Oct. 30, 2026).

## II. Petitioner's Claims

Petitioner asserts three counts in his Petition.

- **Count I: Violation of Due Process – Fifth Amendment**. Petitioner alleges he did not receive a pre-deprivation hearing in violation of his due process rights. Pet. at 6.

- **Count II: Violation of Due Process – Fifth and Fourteenth Amendments**. Petitioner alleges his protected liberty interest as an asylum seeker was violated. *Id.*

- **Count III: Violation of the Immigration and Nationality Act ("INA") and Associated Regulation.** Petitioner alleges detention without a pre-deprivation hearing and arrest warrant violates 8 C.F.R. § 236.1(c)(8) and 8 U.S.C. § 1226(a). Pet. at 6.

The undersigned liberally construes the Petition to challenge Petitioner's detention without a bond hearing in violation of § 1226(a) of the INA, associated regulations, and due process. He asks the Court to order his immediate release. Pet. at 7.

## III. Standard of Review

To obtain habeas corpus relief, Petitioner must show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "Challenges to immigration detention are properly brought directly through habeas." *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing *Zadvydas v. Davis*, 533 U.S. 678, 687-88 (2001)).

## IV. Analysis

### A. Section 1226(a) applies to Petitioner's detention.

The two sections of the INA at issue that govern detention of noncitizens pending removal proceedings are 8 U.S.C. §§ 1225 and 1226. Section 1225(a)(1) describes an "applicant for admission" as "an alien present in the United States who has not been

admitted or who arrives in the United States." *Id.* § 1225(a)(1) (citation modified). Under § 1225(b)(2)(A), "in the case of an alien who is an applicant for admission, if the examining immigration officer determines that an alien seeking admission is not clearly and beyond a doubt entitled to be admitted, the alien shall be detained." If Petitioner is detained under § 1225(b)(2)(A), he is not entitled to a bond hearing. On the other hand, § 1226(a) more generally authorizes detention of a noncitizen pending removal proceedings and entitles the noncitizen to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1))).

Liberally construed, Petitioner challenges his detention without a bond hearing in violation of § 1226(a) of the INA. Pet. at 6. Respondents maintain Petitioner is detained under § 1225(b)(2)(A) but concede the Tenth Circuit has held otherwise in *Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Resp. at 1-2, 5-7.

The Tenth Circuit recently rejected the statutory interpretation of § 1225(b)(2) as urged by Respondents and applied § 1226(a) to govern detention of noncitizens like Petitioner. *Santillan Quiroz*, 180 F.4th at 1235-49. The Tenth Circuit concluded "those who entered the United States without admission and who have lived here since are categorically unable to seek admission while they remain in the country." *Id.* at 1239 (citation modified). Accordingly, "noncitizens who entered the United States and were thereafter detained in the interior of the country are usually subject to § 1226(a) (and thus eligible for bond), not § 1225(b)(2)(A)." *Id.* at 1237. Therefore, based on Tenth Circuit precedent and this Court's prior reasoning in *Colin v. Holt*, CIV-25-1189-D, 2025 WL

3645176, at *5 (W.D. Okla. Dec. 16, 2025), the Court should apply § 1226(a) to govern Petitioner's current detention. *See Zhong v. Gantt*, No. CIV-26-1324-D, 2026 WL 2113998, at *2 (W.D. Okla. July 22, 2026) (holding in accordance with *Santillan Quiroz* that a similarly situated petitioner is entitled to a bond hearing under § 1226(a)).[2]

Further, Petitioner's application for asylum does not change the analysis or render him "seeking admission" and thereby subject to § 1225(b)(2)(A). *Santillan Quiroz*, 180 F. 4th at 1239 (holding a noncitizen "cannot make a present request for permission to enter the United States, lawfully or otherwise, once he or she has already entered" and "the only time a noncitizen can be said to be seeking admission is when he is seeking to enter the United States at the border" (citation modified)); *see also Malacidze v. Noem*, No. CIV-25-1527-D, 2026 WL 227155, at *3 (W.D. Okla. Jan. 28, 2026) (concluding "a pending asylum application does not render § 1225(b)(2)(A) applicable to Petitioner").

[2] This conclusion is also in accord with persuasive authority in the First, Second, Third, Fourth, Sixth, Seventh, Ninth, and Eleventh Circuits, which rejected Respondents' statutory interpretation of § 1225(b)(2). *See Lopez Garcia v. Guadian*, 190 F.4th 305, 334-35 (4th Cir. 2026); *Buele Morocho v. Warden, Phila. FDC*, 189 F.4th 287, 304 (3d Cir. 2026); *Guerrero Orellana v. Moniz*, 188 F.4th 1, 20-21 (1st Cir. 2026); *Rodriguez Vazquez v. Bostock*, 183 F.4th 1160, 1193-94 (9th Cir. 2026); *Cirrus Rojas v. Olson*, 183 F.4th 909, 915 (7th Cir. 2026); *Hernandez Alvarez v. Warden, Fed. Det. Ctr. Miami*, 175 F.4th 1258, 1285 (11th Cir. 2026); *Lopez-Campos v. Raycraft*, 175 F.4th 713, 722 (6th Cir. 2026); *Barbosa da Cunha v. Freden*, 175 F.4th 61, 69 (2d Cir. 2026). In contrast, the Fifth and Eighth Circuits recently applied § 1225 to similar habeas challenges, agreeing with Respondents' position. *Avila v. Bondi*, 170 F.4th 1128, 1134-38 (8th Cir. 2026); *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 498, 502-08 (5th Cir. 2026). The Supreme Court has granted certiorari on this issue. *See Barbosa da Cunha v. Freden*, 175 F.4th 61 (2d Cir. 2026), *cert. granted sub. nom. Rhoney v. Barbosa da Cunha*, --- S. Ct. ----, 2026 WL 2942994 (Mem) (Oct. 1, 2026).

**B. The proper remedy is a bond hearing.**

Petitioner seeks immediate release. Pet. at 7. The undersigned concludes, however, a bond hearing is the proper remedy for a noncitizen detained under § 1226(a). *Santillan Quiroz,* 180 F.4th at 1251 n.13; *see also Zhong*, 2026 WL 2113998, at *2 (concluding because § 1226(a) governs petitioner's detention, he "is therefore entitled to a bond hearing"). Therefore, the Court should grant the Petition in part and order Respondents to provide Petitioner with a bond hearing under § 1226(a) before a neutral IJ within seven days or otherwise release him if he does not have a lawful bond hearing within that period.[3]

**C. The Court should decline to address Petitioner's remaining claims.**

Petitioner also argues his continued detention without a pre-deprivation hearing or warrant violates his rights to due process and 8 C.F.R. § 236.1(c)(8). Pet. at 6. If the Court grants Petitioner a bond hearing under § 1226(a), the undersigned recommends that the Court decline to decide the merits of the due process or regulatory claims because at most he would be entitled to the same relief already recommended with a bond hearing. *See, e.g.*, *Ziiadullaev v. Lyons*, No. CIV-26-1237-D, 2026 WL 2827125, at *1 (W.D. Okla. Sep.

---

[3] While Judges in this District have ordered release for noncitizens whose earlier release was improperly revoked, Petitioner has not alleged or provided evidence that the circumstances of his detention entitle him to release rather than a bond hearing. *See Singh v. Mullin*, No. CIV-26-471-SLP, 2026 WL 1255801, at *2 (W.D. Okla. May 7, 2026) (ordering a bond hearing but not release because petitioner had not provided the Court with sufficient evidence to establish entitlement to release); *accord Singh v. Cerna*, No. CIV-26-1194-J, 2026 WL 2364443, at *1 (W.D. Okla. Aug. 14, 2026) (ordering release where ICE improperly revoked petitioner's prior bond ordered by an immigration judge); *Singh v. Grant*, No. CIV-26-289-R, 2026 WL 1483557, at *1 (W.D. Okla. May 27, 2026) (same); *Skutar v. Mullin*, CIV-26-0036-HE, Doc. 15, at 2-3 (W.D. Okla. Apr. 24, 2026) (ordering petitioner's release where no changed circumstances existed from when an immigration judge previously ordered bond).

21, 2026) (concluding "the relief warranted" for an alleged warrantless arrest "is a bond hearing pursuant to § 1226"); *Colin*, 2025 WL 3645176, at *6 n.3 ("Because the Court grants the relief the Petitioner requests based on the applicability of 8 U.S.C. § 1226(a), the Court declines to decide the merits of Petitioner's due process claim.").

## V. Recommendation and Notice of Right to Object

For these reasons, the undersigned recommends that the Court **GRANT in part** the Petition, Doc. 1, for habeas relief by ordering Respondents to provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a) within seven days or otherwise release Petitioner if he has not received a lawful bond hearing within that period.

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed not later than **November 6, 2026**. *See id.* § 636(b)(1); Fed. R. Civ. P. 72(b)(2). If a party wishes to respond to the other party's objections, such response must be filed not later than **November 12, 2026**. *See* Fed. R. Civ. P. 72(b)(2). Failure to object timely waives the right to appellate review of the factual and legal issues addressed in this Report and Recommendation. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in this matter.

**ENTERED** this 30th day of October, 2026.

Chris M. Stephens

CHRIS M. STEPHENS
UNITED STATES MAGISTRATE JUDGE