**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

SHAKHRIZOD MUMINOV, )
)
Petitioner, )
)
v. ) Case No. CIV-26-2718-D
)
CHRIS GANTT, *et al.*, )
)
Respondents. )

**ORDER**

Petitioner Shakhrizod Muminov filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1]. Petitioner is a citizen of Uzbekistan who entered the United States on or about December 22, 2022. He was later encountered by immigration officials, taken into U.S. Immigration and Customs Enforcement (ICE) custody, and released on his own recognizance.

On September 14, 2026, Petitioner was re-detained by ICE. Petitioner is currently detained at the Cimarron Correctional Facility in Cushing, Oklahoma. Petitioner is detained pursuant to the mandatory detention provision contained in 8 U.S.C. § 1225(b)(2)(A), and his removal proceedings are ongoing.

The matter was referred to United States Magistrate Judge Chris M. Stephens for initial proceedings in accordance with 28 U.S.C. § 636(b)(1)(B) and (C). [Doc. No. 3]. On October 30, 2026, Judge Stephens issued a Report and Recommendation [Doc. No. 8], recommending that the Court grant in part the Petition and order Respondents to provide Petitioner a bond hearing pursuant to 8 U.S.C. § 1226(a). Judge Stephens further concluded

that Petitioner is not entitled to immediate release, and that the Court should decline to address Petitioner's remaining claims since at most he would be entitled to the same relief already recommended with a bond hearing. *Id.* at 6.

Only Respondents filed a timely Objection to Report and Recommendation [Doc. No. 10]. In their objection, Respondents acknowledge that the Tenth Circuit's decision in *Santillan Quiroz v. Mullin* is controlling authority. [Doc. No. 10, at 1]; *see Santillan Quiroz v. Mullin*, 180 F.4th 1226 (10th Cir. 2026). Respondents also take issue with Judge Stephens' liberal construction of Petitioner's habeas petition as challenging his detention without a bond hearing in violation of § 1226(a) of the Immigration and Nationality Act because "Petitioner did not ask for this court to order the immigration court to set a bond hearing." [Doc. No. 10, at 3-4]. Respondents further asserted that—if a bond hearing is ordered—the Court should limit the granted relief to a bond hearing within 7 days.

Upon consideration, the Court agrees with Judge Stephens that Petitioner's detention is governed by § 1226(a), and Petitioner is entitled to a bond hearing. *See Santillan Quiroz*, 180 F.4th 1226, 1251 n. 13 (10th Cir. 2026) (directing the district court to order the government to provide the petitioner a bond hearing within 7 days "[b]ecause [the petitioner] can properly be subject to detention under § 1226(a)."). Given this determination, the Court declines to address Petitioner's remaining claims at this time. *See Velasquez Salazar v. Dedos*, 806 F. Supp. 3d 1231, 1241 (D.N.M. 2025) ("Because this Court holds that § 1226 governs Petitioner's detention, the due process owed to Petitioner is that provided for in § 1226—namely, an individualized bond hearing before an IJ.").

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 8] is **ADOPTED**, and the Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED in part**. Respondents shall provide Petitioner with a bond hearing under 8 U.S.C. § 1226(a), within 7 days of the date of this Order, or release Petitioner. A separate judgment shall be entered.

**IT IS SO ORDERED** this 24th day of November, 2026.

TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE